**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 21, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RONALD KEITH BISHOP,

          Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden,

          Respondent-Appellee.

No. 10-6238
(D.C. No. 5:08-CV-01358-HE)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, Circuit Judge, **HOLLOWAY** and **PORFILIO**, Senior Circuit
Judges.

---

      Ronald Keith Bishop, an Oklahoma state prisoner proceeding pro se, seeks

a certificate of appealability (COA) to appeal the district court's denial of his

28 U.S.C. § 2254 petition for writ of habeas corpus. Bishop also requests

permission to proceed in forma pauperis (IFP) on appeal. Because we conclude

Bishop has failed to make "a substantial showing of the denial of a constitutional

right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the

appeal.

      Bishop was convicted by an Oklahoma state-court jury of robbery with a

dangerous weapon and aggravated attempt to elude a police officer, after two or

more previous convictions. Bishop was sentenced to consecutive imprisonment terms of 55 years on the first count and 25 years on the second count. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Bishop's convictions on direct appeal. His petition for state post-conviction relief was denied and affirmed by the OCCA. He then brought a § 2254 petition in federal district court, asserting seven grounds for relief. A magistrate judge issued a report and recommendation (R&R) to deny habeas relief and Bishop filed objections to the R&R. After reviewing the magistrate judge's analysis, the district court declined to address Bishop's objections because they raised new issues Bishop failed to present to the magistrate judge. The court therefore entered judgment denying his petition for habeas relief. The district court also denied his request for a COA. Finally, the court denied Bishop's request to proceed IFP on appeal, concluding he had not demonstrated the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues on appeal. Bishop now seeks a COA from this court and leave to proceed IFP on appeal.

In order to obtain a COA, Bishop must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether to issue a COA, we limit our examination to "a threshold inquiry into the underlying merit of [the petitioner's] claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Our standard of review depends on whether the district court decided a claim on the merits or dismissed a claim on procedural grounds. *Slack v.*

*McDaniel*, 529 U.S. 473, 484-85 (2000).  Where the district court rejects a constitutional claim on the merits, the substantial showing of the denial of a constitutional right required for issuance of a COA requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* at 484.  Where the district court denied habeas relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether 1) the district court's procedural ruling was correct; and 2) the petitioner states a valid claim for the denial of a constitutional right.  *Id.* at 484-85.

Because Bishop is proceeding pro se, we liberally construe his application for a COA.  *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).  He purports to raise two claims on appeal, but both appear to address the same issue. Bishop argues that his trial counsel was constitutionally ineffective for failing to object to the admission, without corroborating evidence, of a police officer's testimony that Bishop had confessed to the robbery.  *See Opper v. United States*, 348 U.S. 84, 92-93 (1954) (setting forth "the extent of the corroboration of admissions necessary as a matter of law for a judgment of conviction").  Bishop argues the district court erred in refusing to consider this contention and deeming it waived because he raised it for the first time in his objections to the magistrate judge's R&R.  Bishop maintains that he included this claim in his application for state post-conviction relief and that the magistrate judge acknowledged the

-3-

argument and addressed it in the R&R.  We have reviewed the record on appeal and agree with the district court that Bishop raised his *Opper* argument for the first time in his objections to the R&R.  Bishop fails to show that jurists of reason would find the district court's procedural ruling debatable.

To the extent that Bishop's application for a COA can be construed as raising claims of error in the district court's other determinations, we have thoroughly reviewed the record, the magistrate judge's R&R, and the district court's further analysis in its order denying Bishop's petition for habeas relief, and we agree with the district court's adjudication of Bishop's other claims.  He fails to demonstrate that reasonable jurists would find the district court's assessment of his claims debatable or wrong.

We DENY a COA and DISMISS this matter.  We further DENY Bishop's application to proceed IFP on appeal.

Entered for the Court


John C. Porfilio
Senior Circuit Judge